## Estate of John Spellisy, Deceased.   Appeal of Patrick J. O'Brien, Deceased.

*Practice, O. C.—Restatement of account.*

The orphans' court may permit an administratrix to restate an account where it is shown to the court that the account as originally filed blended the proceeds of the real and personal estate of the decedent, and did not include certain noninventoried items which the administratrix had collected.

*Practice, S. C.—Auditor—Finding of fact.*

Where an administratrix states an account of the proceeds of sale of real estate, and the whole fund is awarded to a judgment creditor, the validity and priority of whose lien has not been denied, the Supreme Court will not disturb the award because the auditor did not make a distinct finding that the judgment was first in point of lien.

Argued March 17, 1896.   Appeal, No. 405, Jan. T., 1895, by Patrick J. O'Brien, from decree of O. C. Lycoming Co., June

T., 1893, No. 28, overrruling exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Exceptions to auditor's report.

From the record it appeared that on April 14, 1894, Mollie Spellisy, administratrix of John Spellisy, presented to the court a petition setting forth that the said administratrix filed her account to the March term of court as a final account, and exceptions were filed thereto by numerous creditors of said decedent; that since the filing of said account, it came to the knowledge of counsel for accountant that a number of accounts in favor of said decedent, which the appraisers of decedent's personal estate considered valueless and refused to inventory, are collectible; that the accounts for the proceeds of the personal and real estate are blended, and that said accountant is desirous of having an opportunity to collect the said book accounts; that a year has not elapsed since she was appointed administratrix, and that she will use all due diligence in closing up the affairs of the estate and will exhibit her accounts to your honorable court at the September term thereof. The prayer was to allow her to withdraw said final account and to allow her until the September term of court to file her final account.

The court entered a decree permitting the accountant to "restate her account within twenty days."

The case was referred to W. E. Ritter, Esq., as auditor, who reported:

There has been no serious contention on the part of the exceptants that any of the matters mentioned as having been paid by the accountant were improperly paid, unless it was the matter of $700 paid to James Spellisy as lien creditor. No legal position was relied on by counsel for the exceptants to establish the illegality of this payment, nor was the validity of the judgment attacked. Mrs. Spellisy in her testimony says in substance that this matter ought not to have been paid. Her conclusion is based upon the theory that one creditor is entitled to payment of his bills as well as another. Of course, this principle is commendable, but when it comes in conflict with the legal status of claims it must give way. Lien creditors are certainly entitled to preference in the distribution of funds

arising from the sale of real estate of a decedent. There has been neither testimony produced, nor has any legal reason been advanced, in order to show why this amount of $700 should be surcharged against the administratrix. The sole argument of exceptants has been, that this judgment was improperly paid, because Mrs. Mollie Spellisy assumes it to be wrong that one claim should be satisfied, while another may remain unpaid. She is perhaps somewhat influenced in her opinion by reason of the strained relations which seem to exist between herself and her late husband's brothers.

From the evidence produced and the arguments made, we fail to find any reason why this amount of $700 should be surcharged against the administratrix.

The court overruled exceptions to the auditor's report in an opinion by METZGER, P. J.

*Errors assigned* were in overruling exceptions to auditor's report.

*Charles J. Reilly* and *H. C. Parsons*, for appellant.

*J. F. Strieby*, *H. W. Whitehead* with him, for appellee.

OPINION BY MR. JUSTICE FELL, April 6, 1896:

In the first account the administratrix blended the proceeds of the real and personal estate of the decedent. Upon exceptions being filed by the creditors she petitioned the court for leave to withdraw her account in order that she might separate the account of the real from that of the personal estate, and in order that she might account for certain items not included in the inventory and which she had found to be collectible. The court granted her permission to restate her account within twenty days. The account as restated was in proper form. The separate account of the real estate shows that the balance of the purchase money after the deduction of the expenses of the sale went to the payment of a judgment creditor, John Spellisy, and that the whole of the personal estate had been used in payment of preferred claims.

The account as filed might have been restated by the auditor. That the accountant was allowed to restate it in order to separate the items and to include others which would have been

proper subjects of surcharge in no manner affected the rights of the appellant. He had every fair chance under the second account that he had under the first. There is no testimony which shows or tends to show that the property was not all accounted for or that the payments were not properly made, or which calls into question in any way the correctness of the accounting. There is not a distinct finding by the auditor that Spellisy's judgment, to the payment of which the fund was awarded, was first in point of lien. He reports however that the validity of the judgment was not attacked, and that there was nothing to establish the illegality of its payment, and that " there has been neither testimony produced, nor has any legal reason been advanced, in order to show why this amount of $700 should be surcharged against the administratrix. The sole argument of exceptants has been that the judgment was improperly paid, because Mrs. Spellisy assumes it to be wrong that one claim should be satisfied while another may remain unpaid." The learned judge of the orphans' court in confirming the report of the auditor says that the judgment was unquestionably a lien on the real estate of the decedent and was entitled to be paid out of the fund arising from the sale of the real estate. It would have been more regular if the auditor had reported a distinct finding upon this subject, but neither the validity of the judgment nor the priority of its lien was in controversy before him. No exception was taken in the orphans' court to his failure to so report, and there is not now nor has there been throughout the whole proceeding from the beginning to the end even a denial that the judgment was valid, first in lien, and entitled to payment. When the end has been reached through the course of a regular and orderly procedure, and it is manifest that justice has been done to all parties concerned, there is no ground for a reversal for trifling irregularities not objected to at the time and not affecting the merits of the cause.

The assignments of error are overruled and the order of the court is affirmed at the cost of the appellant.